**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 22-20354

TYREE TURNER, et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE REASSIGNMENT ORDER**

Before the court is a motion to set aside a reassignment order entered by the undersigned judge and the Honorable Judith E. Levy. The motion has been fully briefed and the court determines that a hearing is unnecessary. For the reasons stated below, the motion will be denied.

**I. INTRODUCTION**

On July 7, 2022, the Government initiated this case via indictment and the case was randomly assigned to Judge Levy pursuant to Local Criminal Rule 57.10(a)(1). On the indictment cover sheet, the Government indicated that the case "may be a companion case based upon LCrR 57.10(b)(4)." (ECF No. 1 at PageID.17.) The Government listed the potential companion as case number 17-CR-20755 (the "2017 Case"). Thereafter, Judge Levy consulted with the undersigned, and both judges agreed to transfer the case under LCrR 57.10(b)(4). The order of reassignment was issued on July 12, 2022. (ECF No. 26.)  The case has since proceeded under a relatively unremarkable procedural posture, with the exception of a series of time extensions entered after request of counsel.  Five months after the order of reassignment,

Defendants jointly filed the instant motion, arguing that the July 12 order of reassignment was in error and they argue that the Government improperly marked this case as a possible companion to the 2017 matter.

## I.  DISCUSSION

Under the local rules,

(A) Companion cases are those cases in which it appears that:

(i) substantially similar evidence will be offered at trial, or

(ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

LCrR 57.10(b)(4)(A). When any counsel, including the United States Attorney, believes that two cases are companion cases, the local rules provide a manner to bring such cases to the court's attention. *See* LCrR 57.10(b)(4)(B). The rules further state that "[w]hen it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number." LCrR 57.10(b)(4)(C). Reassignment decisions lie within the collective discretion of the Judge to whom the case is assigned and the Judge having the earlier case number. *Jones v. City of Allen Park*, 167 F. Appx. 398, 409 (6th Cir. 2006) ("The district court's decision regarding whether or not to reassign a companion case is reviewed for an abuse of discretion.") (*citing Gen. Motors Corp. v. Buha*, 623 F.2d 455, 458 (6th Cir. 1980).

This procedure was followed in the instant matter, resulting in the reassignment of this case to the undersigned judge. Defendants argue that the reassignment order

2

was in error and ask that it be set aside.[1] Defendants contend that the two cases have no defendants in common, that the charges pertain to different conduct in an entirely different time frame, and that there are no transactions or occurrences in common. (ECF No. 69 at PageID.206). While acknowledging that the two cases both involve Defendants who are alleged to be members of the Latin Counts gang, Defendants contend that this fact alone is not enough to give rise to a reassignment as a companion matter. (*Id.*)

Before addressing the substance of Defendants' argument, the court will first address their contention that "[i]t is unclear from the record whether there was any inquiry by either Judge into the basis for reassignment." (ECF No. 69 at PageID.205). Indeed, Defendants suggest that the local rules "do not require any inquiry beyond the government's representation" that two cases qualify as companions. (Id.) Both of Defendants' speculations about the intra- and inter-chambers communications are misguided at best. The local rules provide, first, for a manner in which counsel (any counsel) may notify the court of the potential of an earlier filed companion matter. *See* LCrR 57.10(b)(4)(B). A *suggestion* by counsel is not a mandate that the two judges are somehow obligated to blindly follow. Here, the Government marked on the cover sheet that case "*may* be a companion case based upon LCrR 57.10(b)(4)." (ECF No. 1 at PageID.17 (emphasis added).) After the suggestion of a companion inquiry, the assigned judge reviews the two cases and, if she agrees that the two cases are

---

[1] The court notes that Defendants' motion to "set aside" an order of the court is more properly cast as a motion for reconsideration under Local Rule 7.1(h). *See* E.D. Mich. LCrR 12.1 and E.D. Mich. LR 7.1(h). As such, the motion—filed five months after the challenged order—is untimely. E.D. Mich. LR 7.1(h)(2) (requiring motions for reconsideration to be filed 14 days after entry of the order).

companions, the assigned judge then contacts the judge in the earlier-filed case to see if both judges agree. Only upon agreement of both judges is the case then reassigned. LCrR 57.10(b)(4)(C). This process necessarily implies, if not delineates, the manner in which both judges make their independent inquiry into whether the cases qualify as companions. As the Government represents in its response, it is often the case that the judges do not agree, and the case is not reassigned. In this case, however, both judges reviewed the two cases and agreed to reassign the latter as a companion.

Contrary to Defendants' intimation, the companion rule does not require that the parties be identical or that the involved timeframes be identical. The rule provides that either "substantially similar evidence will be offered at trial" or that "the same *or related* parties are present, and the cases arise out of the same transaction or occurrence." LCrR 57.10(b)(4)(A). Here, both cases involved the same alleged gang, with the 2017 case involving charges related to dates stretching to April 2018, while the instant case involved charges relating to activity beginning the next month, May 2018. As the Government explains, and this court agrees, the cases appear to arise out of the same alleged, continuous RICO enterprise investigation, involving the same investigative agency, the same case agents, and involving the possible future use of witnesses and evidence evolving out of the 2017 case. (ECF No. 70 at PageID.214.) Under the court's review of the two matters, particularly involving cases arising out of the same alleged gang conspiracy and involving sequential dates in the underlying alleged activity, it was apparent to the court that the two cases met the definition of companion cases under LCrR 57.10(b)(4)(A)(i) in that "substantially similar evidence will be offered at trial." It seemed highly likely that the two cases also met the definition under LCrR

57.10(b)(4)(A)(ii) with related parties being present in the cases, and depending on how the evidence developed, the cases may have arisen out of the same RICO transactions or occurrences. The court is not persuaded by Defendants' arguments that these cases are so dissimilar as to suggest that the reassignment was in error, let alone to suggest that the Government has "misused the companion case designation in this instance." (ECF No. 69, PageID.208.) Moreover, even if Defendants were correct that this case was improperly marked as a companion, the court is not persuaded that they have identified any remediative measure to address the "mistake." Defendants imply that the court invent a procedure that would imagine this judge setting aside the order of reassignment originated by Judge Levy and reassigning the case in reverse to her, potentially against her will or desire. But certainly such a unilateral action would itself be improper. In any event, even assuming there were such a procedure at hand, which there is not, the court would reject the suggestion because, as stated above, this is, in fact, a companion case.

Finally, to the extent Defendants attempt to identify other potential companion matters, such arguments are red herrings. One of the two cases identified by Defendants (*United States v. Shadbolt*, 20-CR-20398), was filed after the 2017 matter. Even if the court were to agree that the case qualified as a companion, the instant matter would still have been properly transferred to this court as the 2017 case was an earlier case and companion cases are always transferred to the earliest related case. The other case, *United States v. Vasquez*, 14-CR-20425, may or may not have qualified as a companion case to this case upon its filing, but given that the case was four years removed from the instant investigation and, according to the Government, arose out of a

5

separate investigation, the court finds nothing improper about the failure to identify the 2014 case as a potential companion to the instant matter.

## II. CONCLUSION

For the reasons stated above, the court finds that this case was properly identified by the Government as a potential companion to case number 17-CR-20755, and properly reassigned, after appropriate inquiry, by Judge Levy and the undersigned judge.  Accordingly,

IT IS ORDERED that Defendants' Motion to Set Aside Reassignment Order (ECF No. 69) is DENIED.

s/Robert H. Cleland     /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 5, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner   /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\22-20354.TURNER.Companion.Reassign.chd.docx