UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                                                    Case No. 22-cr-20354

TYREE TURNER, et al.,

          Defendants.
_____/

**OPINION AND ORDER RESOLVING DEFENDANTS' PRETRIAL MOTIONS**

Pending before the court are ten pretrial motions. On May 5, 2023, Defendant Tyree Turner filed the following eight motions: (1) "Concurred Motion for Early Production of Jencks Material (*18 U.S.C. §3500*)" (ECF No. 79); (2) "Concurred Motion for Witness List and Disclosure of Expert Witness Testimony Before Trial" (ECF No. 80); (3) "Motion for Attorney Conducted Voir Dire, Proposed Voir Dire, Access to Jury Questionnaires and for Supplemental Questionnaires" (ECF No. 81); (4) "Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes and for Production Thirty (30) Days Before Trial" (ECF No. 82); (5) "Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements Under FRE 801(d)" (ECF No. 83); (6) "Motion in Limine to Preclude Recall of Government Witnesses" (ECF No. 84); (7) "Motion to Reveal Identity of Informants and Contents of Deals with Witnesses" (ECF No. 85); and (8) "Motion to Strike Surplusage" (ECF No. 86).[1] On the same day, Defendant Tyrone Bradley filed the following two motions: "Motion to Sever" (ECF No.

---

[1] Defendant Turner's co-Defendants, Tyrone Bradley, Jesse Rosenick, and Clifford Antone, joined in these motions. (*See* ECF Nos. 88, 89, 92, 98.)

90) and "Motion to Dismiss and Request for an Evidentiary Hearing or, in the Alternative, for a Bill of Particulars" (ECF No. 91). [2] The Government filed responses to six of the ten motions.[3] (ECF Nos. 95, 99, 100, 101, 102, 103.)

## I. STATUS CONFERENCE RULINGS

On May 25, 2023, the court convened the parties for a status conference, during which it resolved the bulk of the defense's pending motions.[4] For reasons as stated on the record, the court denied or terminated as moot eight of the ten motions, taking two under advisement. More specifically, the court terminated as moot the motions in which the Government concurred (ECF Nos. 79, 80). It further denied without prejudice Defendant Turner's motion regarding voir dire (ECF No. 81), caveating that it would consider asking questions formally proposed by the parties at trial. The court also denied Defendant Turner's motion regarding co-conspirator statements (ECF No. 83), resolving to utilize the preferred method firmly entrenched in this circuit's practice—namely, conditionally admitting the co-conspirator statements subject to a later demonstration of their admissibility by a preponderance of the evidence without a pre-

---

[2] Defendant Rosenick joined in the first (ECF No. 93), while Defendant Turner joined in the second (ECF No. 94).

[3] The Government reasonably did not file responses to the two motions in which it concurred (ECF Nos. 79, 80). It further did not respond to Defendant Turner's Motion in Limine to Preclude Recall of Government Witnesses (ECF No. 84) or to Defendant Bradley's Motion to Sever (ECF No. 90).

[4] Defendant Tyree Turner additionally filed a "Notice to Compel Compliance with Standard Order of Discovery, *Fed. R. Crim. P. 16* and to Produce *Giglio* and *Brady* Material Before Trial" (ECF No. 87), in which his co-Defendants joined. Though styling his filing as a notice, Defendant Turner sought a compulsion order for exculpatory discovery that the Government is already obligated by law to provide. At the status conference, the court acknowledged the notice and found the Government's awareness of its due process obligations sufficient to deem the notice satisfied.

trial mini-hearing. *United States v. Holloway*, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984). It denied Defendant Turner's motion in limine to preclude witness recall (ECF No. 84), indicating that recalling is an appropriate method by which to present an episodic case like the one at bar so long as the testimony does not become repetitive.

The court further terminated as moot Defendant Turner's motion regarding confidential informants and witness deals (ECF No. 85), noting that the circumstances largely mooted the issues presented because the Government did not intend to call confidential informants at trial. Nonetheless, the court directed the Government to provide the defense in advance with its witness "batting order," that is, the list of witnesses it intended to call each day of trial. The court further denied without prejudice Defendant Turner's motion to strike surplusage (ECF No. 86), finding that the information in the indictment regarding the Almighty Latin Counts gang was inextricably intertwined with the evidence the Government anticipates presenting to prove its case. However, the ruling was tempered with the proviso that, if the evidence is not borne out at trial as the Government intends, further instruction or revisitation of the issue may be necessary.

Finally, the court denied Defendant Bradley's motion to sever (ECF No. 90). Though it did not file a formal response, the Government advised the court of its intention to avoid the need to sever the trials between Defendants by providing the defense with an excised version of the co-conspirator statements it intended to use at trial in accordance with *Bruton v. United States*, 391 U.S. 123 (1968). The defense was amenable to receiving that information. Consequently, the court directed the Government to provide the *Bruton* materials to the defense in an expedited fashion. It

further directed the defense to meet and confer with the Government on any lingering issues before addressing them with the court.

## II. REMAINING MOTIONS

Two motions remain for the court's consideration: Defendant Turner's motion regarding law enforcement rough notes (ECF No. 82) and Defendant Bradley's motion to dismiss (ECF No. 91).

### A. Rough Notes

With respect to the motion regarding rough notes (ECF No. 82), Defendant Turner's requested relief is two-fold. First, he seeks for the Government to require its agents to retain and preserve all rough notes taken during their investigation. (ECF No. 82, PageID.282.) Second, he asks that the Government turn over said notes thirty days before trial. (Id.) He argues that the use of law enforcement notes for purposes of cross examination in accordance with the Jencks Act, 18 U.S.C. § 3500, is part and parcel to a defendant's right to a fair trial. Defendant Turner further asserts that "[t]his motion will also allow this Court to determine whether the government has complied with *Brady v. Maryland*, 373 U.S. 83 (1963)." (Id.) The Government is not opposed to maintaining the rough notes and further reminded law enforcement to do so. (ECF No. 101, PageID.480.) However, it counters that rough notes of agent witness interviews are typically not discoverable as Jencks material and only become discoverable if, at trial, the notes are read back to and verified by a particular witness and if the reports summarized the notes of the witness interview without material variation. (Id. at PageID.480–81.) The Government's argument is persuasive. Having reviewed the parties' briefs, the court will terminate as moot the portion of Defendant Turner's motion

4

requested retention of the rough notes, given the Government's awareness of its retention obligations. It will further deny as premature Defendant Turner's request for advanced production of the rough notes.

The plain language of the Jencks Act prohibits a district court from ordering disclosure of material within the Act's purview before a witness has testified on direct examination. 18 U.S.C. § 3500(a) [5]; *United States v. Fletcher*, 295 F. App'x 749, 753 (6th Cir. 2008) ("[A]ny [Jencks Act] materials disclosed prior to trial exceeded the government's obligation under the Act."); *United States v. Boykins*, 915 F.2d 1573 (Table), at *5 (6th Cir. 1990) ("The Sixth Circuit has expressly held that the government has no obligation to disclose and the trial court has no discretion to require disclosure of Jencks Act material before a witness testifies.") Under the Sixth Circuit's "adoption test," which is used to determine whether a statement must be produced under the Jencks Act, "a government report or notes of a witness' statement must be produced 'if the notes from the interview were read back to and verified by the witness and if the report summarized the notes without material variation.'" *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993) (quoting *United States v. Williams*, 962 F.2d 1218, 1224 (6th Cir. 1992)); *see also United States v. Stephens*, 492 F.2d 1367, 1377 (6th Cir. 1974) ("The Jencks Act applies to a 'substantially verbatim recital' of an oral statement by a witness and does not apply to an officer's rough notes."). Since the predicate

---

[5] Section 3500(a) provides, in full: "In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection *until* said witness has testified on direct examination in the trial of the case." (Emphasis added).

5

testimony has yet to occur, Defendant Turner's request for production of rough notes thirty days in advance of trial must be denied.

## B. Motion to Dismiss Count Ten

In considering Defendant Bradley's motion to dismiss at the status conference (ECF No. 91), the court granted Defendant Bradley's request to file a reply brief before resolving the motion with finality. He filed his reply on June 5, 2023. (ECF No. 105.) Having reviewed the full briefing, the court will deny the motion.

Count ten of the indictment charges possession of a firearm in furtherance of a drug trafficking crime and alleges as follows:

> On or about October 20, 2018, in the Eastern District of Michigan, TYREE TURNER, TYRONE BRADLEY, JESSE ROSENICK, and TARA COLUNGA, defendants herein, aided and abetted by each other, knowingly possessed a firearm, that is, a short-barreled 12 ga. shotgun, in furtherance of a drug trafficking crime, that is, Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances, as alleged in Count One, and Distribution of Cocaine, as alleged in Count Eight, of this Indictment, all in violation of Title 18, United States Code, Section 924( c) and Title 18, United States Code, Section 2 and Pinkerton v. United States, 328 U.S. 640 (1946) (coconspirator liability).

(ECF No. 1, PageID.12.) Defendant Bradley moves the court for an evidentiary hearing and subsequent dismissal of these allegations under Federal Rule of Criminal Procedure 12(b) or, alternatively, for an order requiring the Government to provide a bill of particulars as to count ten under Federal Rule of Criminal Procedure 7(f). (ECF No. 91, PageID.377.) Bradley argues that "the government's provided discovery fails to adduce sufficient evidence to warrant a trial on count ten as to Bradley" because it only "shows that Bradley visited the home of a co-defendant on October 20, and was present in a room of that home where a shotgun was laying in the corner, against the wall." (Id. at PageID.383–84) (internal citation omitted). He contends that Rule 12 vests the court

with the authority to hold an evidentiary hearing, determine issues of fact, and conclude that his mere presence in proximity to the firearm is insufficient evidence for the court to proceed against him on count ten. (Id. at PageID.385–86; ECF No. 105, PageID.496.)

Even if the court declined to dismiss, Defendant Bradley further argues that "the indictment itself fails to inform him about critical information necessary to prepare his defense" because "the allegations in count ten and the related discovery related [sic] do not specify whom Bradley aided and abetted in the knowing possession of a firearm in furtherance of a drug offense, how he did so, or when the alleged drug offense occurred." (ECF No. 91, PageID.384.) Defendant Bradley argues that this facial lack of specificity could result in a dismissal under Rule 7(c). (Id. at PageID.388–90.) He contends that at the very least, a bill of particulars is a necessary and appropriate remedy because he is uncertain "whether (a) he is charged with aiding and abetting the substantive offense, or (b) he is charged with *Pinkerton* liability for a co-conspirator's aiding and abetting, or (c) he is charged with aiding and abetting the *Pinkerton* liability of a co-conspirator for another co-conspirator's commission of the substantive offense." (Id. at PageID.390–92.)

In response, the Government argues that the motion should be denied because it "fundamentally misunderstands the nature of the charges, the government's stated theory [or theories] of criminal liability, and what the government must provide by way of indictment." (ECF No. 99, PageID.431–32.) The Government further argues that the indictment more than adequately informs Defendant Bradley of the charges against him, and that it goes beyond what is legally required by referencing the Government's theory of proof, that is, the co-conspirator liability theory announced in *Pinkerton v. United*

7

*States*, 328 U.S. 640 (1946), as well as aiding and abetting. (Id. at PageID.435–37.) Moreover, the Government points out correctly that an indictment can charge alternate theories of liability. (Id.) The Government argues that a bill of particulars is unnecessary because the indictment contains the elements of the offense charges as well as date ranges and the specific location of the offense, tracking the language of the relevant criminal statute, 18 U.S.C. § 924(c). (Id. at PageID.437–40.) Further, to the extent that the specificity of the indictment were somehow viewed as insufficient, the Government points also to the hundreds of pages of discovery provided as obviating any need for a bill of particulars. (Id. at PageID.439–40.)

"It is elementary that Rule 12(b) of the Federal Rules of Criminal Procedure permits pretrial consideration of any defense that is capable of determination without the trial of the general issue." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). Typically, a motion to dismiss may be "capable of determination" before trial if it involves a question of law rather than questions of fact touching upon the merits of criminal liability. *Id.* A district court may make "preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions as long as the court's findings on the motion do not invade the province of the jury." *Id.* (citing *United States v. Jones*, 542 F.2d 661, 664–65 (6th Cir. 1976)). Here, Defendant Bradley's motion invites the court to invade the province of the ultimate decision-maker. On the basis of a sufficiency-of-the-evidence defense, Defendant Bradley raises factual questions that embrace the general issue; that is, he seeks a judicial determination of exoneration on count ten based on what he tendentiously casts as the government's "best evidence." (ECF No. 91, PageID.385.) The argument is unpersuasive, and the remedy sought is unavailable

8

under these circumstances. *See United States v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004); *Craft*, 105 F.3d at 1126–27. Moreover, the argument fails to acknowledge that a grand jury returned an indictment for count ten, which "is enough to call for a trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363–64 (1956). Defendant Bradley's challenge to the validity of count ten of the indictment, facial and otherwise, fails. The Government is entitled to marshal and present its evidence at trial. Any argument of insufficiency can be tested by an acquittal motion under Federal Rule of Criminal Procedure 29.

Nor is Defendant Bradley entitled to a bill of particulars as to count ten under Federal Rule of Criminal Procedure 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). It is not a disclosure tool by which the defense can obtain all the details of the government's evidence before trial. *Id.* "A conspiracy indictment is valid if it embraces the essential elements of the conspiracy charged, adequately apprises the defendant of the charges so that the defendant may intelligently prepare his or her defense and provides protection against future prosecutions." *Craft*, 105 F.3d at 1127 (citing *Sandroff v. United States*, 158 F.2d 623, 624–25 (6th Cir. 1946)). "[A] reviewing court may consider the overt acts portion of one count in judging the sufficiency of an indictment." *Salisbury*, 983 F.2d at 1374 (citing *Allen v. United States,* 867 F.2d 969, 971 (6th Cir. 1989)). The court finds that count ten sufficiently sets forth the elements of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. §§ 2, 924(c), in the context of the overarching drug

9

trafficking conspiracy charged in count one. (ECF No. 1.) It further sets forth a specific time period for the allegedly illegal conduct and the offense location. (Id.) Defendant Bradley's professed uncertainty regarding what theory of liability the Government will utilize is weak tea. The Government plainly charges in the indictment aiding and abetting as well as *Pinkerton* liability, and additionally expounds upon the potential for *Pinkerton* liability in briefing and argument.

Defendant Bradley's argument is further diluted to the extent that it is premised on an alleged insufficiency-of-evidence claim already rejected by the court. (ECF No. 91, PageID.390–92.) Indeed, the fact that the Government provided specific theories of liability in the indictment, as just mentioned, wholly undercuts any surprise argument. *See United States v. McGee*, 529 F.3d 691, 695–96 (6th Cir. 2008) ("[A]n indictment need not charge or refer to 18 U.S.C. § 2 to support a conviction based on a theory of aiding and abetting.").

Defendant Bradley's motion to dismiss will be denied in its entirety.

### III.   CONCLUSION

Accordingly, for these reasons, and as further elaborated on the record,

IT IS ORDERED that Defendant Turner's "Concurred Motion for Early Production of Jencks Material (*18 U.S.C. §3500*)" (ECF No. 79) and "Concurred Motion for Witness List and Disclosure of Expert Witness Testimony Before Trial" (ECF No. 80)" are TERMINATED AT MOOT.

IT IS ORDERED that Defendant Turner's "Motion for Attorney Conducted Voir Dire, Proposed Voir Dire, Access to Jury Questionnaires and for Supplemental Questionnaires" (ECF No. 81) is DENIED WITHOUT PREJUDICE.

Additionally, IT IS ORDERED that Defendant Turner's "Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes and for Production Thirty (30) Days Before Trial" (ECF No. 82) is TERMINATED AS MOOT in part with respect the note retention aspect of his motion and DENIED in part with respect to the production request portion of his motion.

IT IS FURTHER ORDERED that Defendant Turner's "Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirators' Statements Under FRE 801(d)" (ECF No. 83) and "Motion in Limine to Preclude Recall of Government Witnesses" (ECF No. 84) are DENIED.

IT IS FURTHER ORDERED that Defendant Turner's "Motion to Reveal Identity of Informants and Contents of Deals with Witnesses" (ECF No. 85) is TERMINATED AS MOOT.

IT IS ALSO ORDERED that Defendant Turner's "Motion to Strike Surplusage" (ECF No. 86) is DENIED WITHOUT PREJUDICE.

Finally, IT IS ORDERED that Defendant Bradley's "Motion to Sever" (ECF No. 90) and "Motion to Dismiss and Request for an Evidentiary Hearing or, in the Alternative, for a Bill of Particulars" (ECF No. 91) are DENIED.

                                               s/Robert H. Cleland  
                                               ROBERT H. CLELAND  
                                               UNITED STATES DISTRICT JUDGE

Dated:  June 15, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2023, by electronic and/or ordinary mail.

                                               s/Kim Grimes  
                                               Deputy Clerk